RICHARD JOHNSON et al. v. STATE.

No. A-9661.  Sept. 25, 1940.

(106 P. 2d 149.)

Ward, Justus & Ward, of Tulsa, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J. This is an appeal from the district court of Tulsa county, wherein Richard Johnson and Noah Laverne Tucker were jointly tried and each found guilty of robbery with firearms, the jury leaving the punishment of each defendant to be assessed by the court. Motions for new trial were duly filed and overruled on November 28, 1938; thereupon the court rendered judgments sentencing each defendant to imprisonment in the state penitentiary for a term of ten years. An appeal was perfected by filing in this court on May 25th a petition in error with case-made attached.

The indictment returned and filed in the district court of Tulsa county October 6, 1938, charged in substance that in Tulsa county on the 22nd day of September, 1938, Richard Johnson, Noah Laverne Tucker, and Tom Hollis did then and there unlawfully, willfully, forcibly, conjointly and feloniously, while acting in concert each with the other, take from the person of one Amos Mizell and against his will, personal property, to wit, $20 in good and lawful money by there and then threatening to shoot the said Amos Mizell with a pistol, thereby producing in the mind of said Amos Mizell fear of immediate and unlawful injury to his person and said fear so pro-

duced was sufficient to and did overcome all resistance on the part of him, the said Amos Mizell.

This is a companion case to Johnson and Tucker v. State, 70 Okla. Cr. 270, 106 P. 2d 149, involving the same defendants, and the same or similar facts and circumstances. The alleged errors assigned and argued are in substance the same. The state called only four witnesses: Amos Mizell, Jake Sims, Don McGuire, and Earl Stanley.

Amos Mizell, the chief witness, testified that on the night of September 21st, while on his way from Tahlequah to his home in Cushing, his automobile broke down about two miles west of Broken Arrow, in Tulsa county, and he pulled it to the side of the road and went to sleep; that he had left Broken Arrow about 11:30. A car was driven up in front of his car, with lights on him; these two defendants got out of the car and another fellow, that he identified in the courtroom as Tom Hollis, stuck a gun on him, and asked if he had any money. He said "No," and he told him to get out of the car; then they searched his pockets and took about $22. One let the air out of his tires and another took his license plates off and put them in their car, then they got in their car, a black Studebaker sedan, which had written on one side "Cloverleaf Cab", turned around, and drove back toward Tulsa.

The testimony of the other three witnesses was substantially the same as that given by them at the trial of the companion case.

At the close of the evidence on the part of the state, counsel filed the following motion:

"Come now the defendants, and each of them, at the close of the state's case, and move the court to direct the jury to return a verdict of not guilty and acquit the defendants, for the reason that the evidence is wholly insufficient to establish the crime charged."

284

Which motion was overruled.   Exception reserved.

The defendants did not testify, and there was no evidence offered on their part.

In this case the undisputed testimony on the part of the state is stronger and more complete than in the companion case referred to above, to which, for the sake of brevity, reference is here made.

We have carefully examined the record and considered the argument with respect to the errors assigned, and conclude that they are either without substantial merit or else not supported by the record.

While no complaint is made to the court's instructions, we have examined the same and find them to be fair in every respect, fully covering the law of the case.

After very careful examination of the record, we have failed to discover anything whereof the defendants have just right to complain.

As shown by the record the defendants were accorded a fair trial, and we see no reason to doubt that their conviction was justified by the undisputed evidence.

For the reasons stated above, and the reasons stated in the opinion of the court in the companion case, the judgments of the trial court must be affirmed.   It is so ordered.

BAREFOOT and JONES, JJ., concur.